IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20157
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JORGE HUMBERTO MARTINEZ-SAENZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-308-ALL
--------------------
August 6, 2001

Before JOLLY, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jorge Humberto Martinez-Saenz was convicted of illegal reentry into the United States after having been previously deported.  His base offense level was increased by 16 because his prior deportation followed an aggravated felony conviction.

Martinez-Saenz argues that 8 U.S.C. § 1326(b) is a separate offense such that his indictment was insufficient because it did not allege that his prior deportation followed an aggravated felony conviction.  He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224,

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

243 (1998)), wherein the Court held that § 1326(b) established only a sentencing factor. Id. at 12. He contends that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), calls into question the holding in Almendarez-Torres. Apprendi did not overrule Almendarez-Torres, and we must follow the rule announced in Almendarez-Torres. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001).

AFFIRMED.